UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOVETTE,                          )
                  Plaintiff,          )
                                  )       No. 1:16-cv-183
-v-                                       )
                                  )       Honorable Paul L. Maloney
VELOCITY INVESTMENTS, LLC, and            )
TIMOTHY E. BAXTER & ASSOCIATES, P.C.,     )
                   Defendants.          )
_____)

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before this Court are cross motions for summary judgment. In his amended complaint, Plaintiff Michael Lovette raises claims under the Fair Debt Collection Practices Act (FDCPA), the Michigan Occupational Code (MOC), and the Michigan Collection Practices Act (MCPA). All of the claims arose during a debt collection lawsuit filed in state court by Defendant Velocity Investments against Lovette. Defendant Timothy Baxter and Associates was the law firm representing Velocity in that lawsuit. The lawsuit was ultimately dismissed with prejudice. Because the amended complaint pleads facts that undermine all of Lovette's claims, Defendants' motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.

I.

According to the amended complaint, Velocity Investments filed a debt collection action in state court against Lovette in April 2015. The underlying debt was from the purchase of a used vehicle. The state court action was dismissed with prejudice on January

6, 2016.  Lovette filed his complaint in federal court on February 19, 2016.  He filed an amended complaint on August 19, 2016.  (ECF No. 52.)  The essential fact on which all of his claims rest is that Velocity had no legal standing to file the lawsuit in state district court. The state court lawsuit was dismissed because Velocity could not prove a chain of title to the debt.  According to Lovette, any contact between a debt collector and the debtor, specifically an attempt to collect a debt, when the debt collector has no legal standing to collect the debt, violates the FDPCA.  (Amended Compl. ¶ 31.)  Lovette asserts that when a debt collector attempts to collect a debt and misrepresents the legal rights of the creditor or debtor, it violates the MOC (*id.* ¶ 42) and the MCPA (*id.* ¶ 54).

## II.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (c); *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1); *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014).  The facts, and the inferences drawn from them, must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

One type of evidence that a court may consider is a judicial admission. Judicial admissions are "formal admissions in the pleadings of a present action, 'which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Cadle Co. II, Inc. v. Gasbusters Prod. I Ltd. P'ship*, 441 F.App'x 310, 312 (6th Cir. 2011) (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). "Under federal law, "admissions in the pleadings are generally binding on the parties and the Court." *Kay v. Minacs Group (USA), Inc.*, 580 F.App'x 327, 331 (6th Cir. 2014) (quoting *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986)). "'Factual assertions in pleadings . . . , unless amended, are considered judicial admissions conclusively binding on the party who made them.'" *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)).

### III.

In their motion, Defendants' first argue that there is no genuine issue of material fact that Velocity owned the debt when it sued Lovette in state court. As evidence of this fact, Defendants point to several paragraphs in the amended complaint. In relevant part, in the first paragraph, Lovette states

> [t]he Plaintiff is a consumer who entered into a retail installment contract and sales agreement with Santander Consumer for the purchase and financing of a motor vehicle. The account at issue was subsequently purchased for the purpose of collection by Defendant Velocity Investments, LLC.

(Amended Compl. ¶ 1 PageID.346.) In paragraph eight, Lovette again asserts he executed the contract with Santander.

On September 8, 2008, a retail installment sale/credit sale contract was executed between the Plaintiff and creditor Santander Consumer regarding a 2004 Chevrolet Avalanche (see Exhibit A).

(*Id.* ¶ 8 PageID.348.)

Defendants argue these factual statements constitute judicial admissions.[1]  According to the amended complaint, Lovette (1) entered into a contract with Santander to purchase and finance a vehicle and (2) the outstanding debt was later purchased by Velocity for the purpose of collecting the debt.  Assuming these two facts to be true, Defendants reason that Velocity had standing to file the lawsuit in state court.  And, if that conclusion is accurate, all of Lovette's claims must be dismissed.

In an attempt to create a genuine issue of material fact, Lovette points to paragraph nine of the complaint, where he states that "[t]he account was later purportedly sold and assigned to the Defendant."  (Amended Compl. ¶ 9 PageID.348.)  Adding the word "purportedly" to the sentence does not create a dispute about whether the account was sold or assigned to Velocity.  The factual allegations in paragraph one and paragraph nine are entirely consistent; Lovette's debt was purchased by Velocity and Lovette's debt was purportedly acquired by Velocity are not inconsistent statements.  One other paragraph in the amended complaint must be mentioned.  In paragraph twelve, Lovette describes the finding and outcome in the state court proceeding.

On or around January 6, 2016, [the state] court entered a dismissal of the above-referenced case (see Exhibit C).  This dismissal was specifically predicated upon  a lack of proper showing regarding the chain of assignment

---

[1] Defendants also point to paragraph eleven.  The facts asserted in that paragraph do not assist Defendants.  In paragraph eleven, Lovette describes the contents of the complaint in state court. Repeating the allegations against him is not an admission to those allegations.

> between Santander Consumer and co-Defendant Velocity, with Court finding the affidavit supplied by Velocity employee Janna Griaco to have been invalid, and Velocity thusly possessing no legal standing to have initiated its' [sic] lawsuit against the Plaintiff.

(*Id.* ¶ 12 PageID.348-49.)  This factual assertion does not create a genuine issue of material fact in Lovette's favor.  That Defendants did not prove a valid chain of assignment in state court does not necessarily mean that a valid assignment was not made.  In this lawsuit, Lovette has *pleaded* the existence of a valid assignment from Santander to Velocity.

The evidence in the record also supports the conclusion that the debt, or at least the rights and remedies associated with the debt, was transferred from Santander to Velocity. The record contains a bill of sale and assignment showing that Santander Consumer assigned its rights to certain receivables, judgments and evidences of debt to Cascade Capital, effective July 22, 2014, and with a closing date of July 25, 2014.  (ECF No. 64-6 PageID.618.)  The record also contains a limited power of attorney and an affidavit of sale, both of which support the bill of sale and assignment.  (ECF No. 64-6 PageID.619-20.)  The record also contains a limited power of attorney conferring on Velocity the authority possessed by Cascade to all rights and remedies to those same financial assets.  (ECF No. 64-6 PageID.615.)  Although the parties do not necessarily agree when these transfers were "officially consummated," they both agree that the financial assets involved in the transfer included Lovette's loan.[2]  (ECF No. 61-2 Def. Responses to Pl. Request for Admissions PageID.465 and 467.)

---

[2] In these request for admissions, Lovette appears to believe that the transfers were "officially consummated" on the date that the exhibits were signed by the Notary Public.

On the evidence in this record, Defendants are entitled to summary judgment. The factual allegations in the amended complaint constitute judicial admissions. The factual statements in the amended complaint are binding on Lovette. Based on the factual statements in the amended complaint, Lovette contracted with Santander and the resulting debt was subsequently acquired by Velocity. Furthermore, the documentary evidence in the record establishes that Velocity acquired the rights to enforce Lovette's debt from Santander. Taking these facts as true, Velocity had standing to sue Lovette in state court and, therefore, Velocity did not make false statements or misrepresent its legal rights. With this conclusion, the critical fact on which all of Lovette's claims turn must be resolved in Defendants' favor.

This outcome is required based on the pleadings and the evidence in the record. The Court must acknowledge, however, that the outcome rests on a type of legal fiction. The facts described in the amended complaint are not an accurate rendition of what occurred. Lovette did not enter into a retail contract with Santander Consumer. Lovette entered into a retail contract with RoadLoans. The reason the state court case was dismissed was because Velocity could not prove a transfer of the debt from RoadLoans to Santander Consumer. (ECF No. 64-7 Tr. Trans. at 25 PageID.649.) But, Lovette did not plead these facts. Lovette pleaded that he entered into a contract with Santander, eliminating the need for Defendants here to prove an assignment from RoadLoans to Santader. Based on the pleadings, in this lawsuit, RoadLoans was never involved with Lovette's car loan. And Lovette cannot avoid the dismissal of his claims by now asserting that there are questions of fact that call into question *his own pleadings.*

For the same reasons, Lovette's motion for summary judgment must be denied. Lovette's failure to grasp the error in his pleading is highlighted by the first sentence in the statement of facts in his brief.  "On August 21, 2008, Plaintiff Michael Lovette financed the purchase of a vehicle from Brighton Ford through RoadLoans a/k/a Triad Financial Corporation ("RoadLoans.")."  (ECF No. 64 at 4 PageID.556.)  That is *not* what Lovette pleaded in his amended complaint.  In paragraphs one and eight, Lovette pleaded that he entered into the contract with Santander Consumer.  And Lovette cannot create a genuine issue of material fact by submitting evidence as part of is motion for summary judgment that contradicts the factual allegations in the complaint.

## IV.

The factual assertion in the complaint and the evidence in the record compel this Court to grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment.  Lovette has pleaded that he entered into a retail installment contract with Santander and that Velocity subsequently acquired the rights to his debt obligations. The record contains evidence to support the transfer of the rights to enforce the debt. Because all of Lovette's claims hinge on Velocity's lack of interest to the debt, Lovette's claims must be dismissed.

<u>ORDER</u>

For the reasons provided in the accompanying Opinion, Defendants' motion for summary judgment (ECF No. 60) is **GRANTED** and Plaintiff's motion for summary judgment (ECF No. 64) is **DENIED.**

**IT IS SO ORDERED.**

Date:  February 9, 2017                           /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge